United States District Court
For the Northern District of California

**E-FILED on** 9/5/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA, ex rel SCARLETT MCMASTERS,

Plaintiff,

v.

NORTHROP GRUMMAN SHIP SYSTEMS, INC.; PHIL LOVELIEN,

Defendants.

No. C-06-03881 RMW

ORDER CONDITIONALLY GRANTING MOTION TO WITHDRAW AS COUNSEL

**[Re Docket No. 6]**

William Fenton Sink ("Sink") is a solo practitioner in Hawai'i and counsel of record for plaintiff. On July 28, 2006 Sink filed the present motion to withdraw as counsel citing, *inter alia*, the financial and practical difficulties presented by the prospect of having to try a case in California. Sink argues that plaintiff will suffer no prejudice because a trial date has not yet been set. Sink represents that plaintiff has refused to accept his withdrawal from the case and refuses to seek other counsel. Mot. Withdraw at 8. On August 7, 2006 this court issued an order that any party, including plaintiff, who objects to Sink's motion shall file papers setting forth their objections by Wednesday, August 23, 2006, and the court would thereafter consider the motion submitted on the papers. No objections were filed with the court. Defendants filed a notice of non-objection.

United States District Court
For the Northern District of California

Plaintiff filed this *qui tam* action[1] in the District of Hawai'i (where plaintiff presently resides) alleging that defendants made false claims for payments to the United States government and wrongfully terminated plaintiff for opposing their improper practices in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq*. The action was transferred to the present court on June 9, 2006, along with defendants' pending motion to dismiss. The motion to dismiss had been fully briefed prior to transfer to this court and, on July 28, 2006, defendants noticed the transferred motion for hearing before this court on September 22, 2006.

The court recognizes the practical and other difficulties cited by Sink in his motion to withdraw. At the same time the court finds that Sink's withdrawal at this time would prejudice plaintiff even though a trial date has not yet been set. Here, defendants' motion to dismiss is set for hearing September 22, 2006. A *pro se* litigant cannot proceed as the relator in a *qui tam* action without being represented by a licensed attorney. *United States ex rel. Rogers v. County of Sacramento*, 2006 WL 1748415, *1-*2 (E.D. Cal. June 23, 2006); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004). Therefore, withdrawal of counsel without substitution would result in plaintiff's action being dismissed before the court hears the fully briefed motion. Plaintiff's opposition to the motion to dismiss was prepared presumably by Sink on plaintiff's behalf. Moreover, because Sink could represent plaintiff at the hearing on the motion to dismiss telephonically, the court does not find that Sink would be significantly burdened by representing plaintiff at the September 22 hearing.

The motion to withdraw as counsel is granted, with the exception that Sink shall serve as counsel for plaintiff for the hearing on defendants' motion to dismiss set for September 22, 2006.

**NOTICE TO PLAINTIFF SCARLETT MCMASTERS:**

You are hereby notified that William Fenton Sink (and the Law Offices of William Fenton Sink) will no longer be representing you in this lawsuit except for the hearing before this court on defendants' motion to dismiss set for September 22, 2006 before this court. You are hereby advised that a *pro se* litigant may not proceed as the relator in a *qui tam* action, such as the present action, without being represented by a licensed attorney. If you do not retain an attorney to represent you in

---

[1] The United States had filed a notice of election to not intervene.

United States District Court
For the Northern District of California

this action, you may lose the lawsuit and judgment may be entered against you.

Furthermore, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address, they will not be able to send you notice of actions that might affect you, including actions that may adversely affect your interests or result in your losing the case.

The last known address for plaintiff Scarlett McMasters is:

2379 Halekoa Drive
Honolulu, Hawai'i 96821

If you fail to keep the court informed of your current address, or if any order from the court mailed to the address which the court has on file for you is returned to the court as undeliverable, the court may find that you have abandoned your case and may grant judgment by default to defendants.

DATED: 9/1/06

Ronald M Whyte

RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

William Fenton Sink
Law Offices of William Fenton Sink
Dillingham Transportation Building
735 Bishop Street
Suite 420
Honolulu, HI 96813

Scarlett McMasters (plaintiff)
2379 Halekoa Drive
Honolulu, Hawai'i 96821

**Counsel for Defendants:**

Brad D. Brian BrianBD@mto.com

Robert G. Klein
McCorriston Miller Mukai MacKinnon LLP
Five Waterfront Plaza
Suite 400
500 Ala Moana Blvd.
Honolulu, HI 96813

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated: 9/5/06**

**SPT**
**Chambers of Judge Whyte**