**E-FILED on** 10/10/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel SCARLETT MCMASTERS,<br><br>Plaintiff,<br><br>v.<br><br>NORTHROP GRUMMAN SHIP SYSTEMS, INC., PHIL LOVLIEN,<br><br>Defendants. | No. C-06-03881 RMW<br><br>ORDER GRANTING MOTION TO DISMISS COMPLAINT<br><br>**[Re: Docket No. 4]** |

Defendants Northrop Grumman Ship Systems, Inc.[1] ("Northrop") and Phil Lovlien (collectively "defendants") move to dismiss plaintiff Scarlett McMasters' ("McMasters") complaint for failure to state a claim. Plaintiff opposes the motion. The motion was heard on September 22, 2006. The court has read the moving and responding papers and considered the argument of counsel. For the reasons set forth below, the court grants defendants' motion to dismiss plaintiff's complaint. Plaintiff's claims against defendant Lovlien are dismissed with prejudice and Lovlien is

---

[1] According to defendants, plaintiff's complaint names the wrong Northrop entity. The parties do not dispute that the correct defendant should be the Northrop entity for which plaintiff worked, Northrop Grumman Systems Corp., a Delaware corporation with its principal place of business in California. Order Granting Transfer at 3.

ORDER GRANTING MOTION TO DISMISS COMPLAINT—C-06-03881 RMW
SC

dismissed from this action.[2]  Plaintiff has forty-five days from the date of this order to amend her other claims.  The court resets the case management conference to Friday, December 1, 2006 at 10:30 a.m.

## I. BACKGROUND

Defendant Northrop makes parts for Navy submarines at its facility in Sunnyvale, California, and defendant Lovlien is an engineering manager employed by Northrop.[3]  Compl. ¶¶ 3, 9, 11. Plaintiff worked at Northrop's Sunnyvale, California facility from August 2001 to January 2003. Order Granting Transfer at 3.  On July 12, 2005, McMasters filed this *qui tam* action against Northrop pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq*. ("FCA").  Plaintiff claims that Northrop and Lovlien violated the FCA by: (1) "falsely bill[ing]" for submarine parts it builds for the Navy, and (2) retaliating against and wrongfully terminating plaintiff's employment.  Compl. ¶¶ 8, 9, 14.

Specifically, plaintiff alleges that during a departmental staff meeting which she attended Lovlien announced that Northrop had shipped "a Virginia class nuclear submarine with faulty propulsion system parts."  Compl. ¶ 11.  Northrop is "expected to build these submarines to the specifications provided to them by the United States government."  Compl. ¶ 10.  Lovlien allegedly said that Northrop would fix the problem later, but that Northrop would never tell the Navy of the "fraud."  Compl. ¶ 12.  Plaintiff also alleges that Northrop "likely . . . engaged in this shoddy workmanship" in its other contracts, and in so doing "conspir[ed] to defraud . . . and to engage in false claims against the government."  Compl. ¶¶ 15, 16.  Plaintiff further contends that, in violation of § 3730(h) of the FCA, defendants discriminated against and wrongfully terminated her employment because of her "knowledge of the illegal actions and because [d]efendants feared disclosure."  Compl. ¶ 14.  Plaintiff seeks civil penalties, special and punitive damages, and back pay.  Compl. at 5-6.

---

[2]  At oral argument, the parties stipulated that Lovlien's alleged acts were performed in the course of his employment.  With this stipulation, plaintiff agreed to dismiss Lovlien from the case.

[3]  It is unclear from the complaint whether Lovlien is currently an engineering manager at Northrop.  Compl. ¶¶ 3, 11.

ORDER GRANTING MOTION TO DISMISS COMPLAINT—C-06-03881 RMW
SC                                                                                        2

1    The United States filed an election not to intervene in plaintiff's *qui tam* action on December 5, 2005.  Defendants filed their motion to dismiss on March 7, 2006 ("Mot.").  On June 9, 2006, the District Court of Hawaii granted defendants' motion to transfer the case to this district court ("Order Granting Transfer").

## II.  ANALYSIS

Defendants seek to dismiss the complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  Defendants contend that plaintiff (1) has not alleged facts sufficient to state a FCA claim under 31 U.S.C. § 3729, (2) has not alleged facts with sufficient specificity for her fraud allegations as required by Fed. R. Civ. P. 9(b), and (3) has not alleged facts sufficient to state a retaliation claim under 31 U.S.C. § 3730(h).  Because the parties stipulated that Lovlien's alleged acts were performed in the course of his employment and plaintiff agreed to dismiss Lovlien from this action, the court addresses only defendant Northrop's arguments below.

### A.    Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  The issue is not whether the non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).  However, the court is not required to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### B.    FCA *Qui Tam* Claim

The FCA enables an individual to sue an employer for presenting a fraudulent claim to the government.  31 U.S.C. § 3729.  The individual brings the action in the name of the government and the government may take over the prosecution.  31 U.S.C. § 3730(b)(1)-(2).  The rationale of FCA's

1  *qui tam* provisions is to encourage individuals who are aware of fraud being perpetrated against the
2  government to disclose that information.  *U.S. ex rel. Hopper v. Anton,* 91 F.3d 1261, 1266 (9th Cir.
3  1996); *see also U.S. ex rel. Fine v. Chevron, U.S.A., Inc.*, 72 F.3d 740, 742 (9th Cir. 1995) (en banc),
4  *cert. denied*, 517 U.S. 1233 (1996).

5       A claim under the FCA's *qui tam* provisions requires allegations that (1) defendant made a
6  claim against the United States government, (2) that was false or fraudulent, and (3) with knowledge
7  of the falsity or fraud.  *U.S. ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir.
8  2002); *Green v. City of Eugene*, 72 Fed. Appx. 607, 608 (9th Cir. 2003).

9       As defendant correctly argues, "[c]omplaints brought under the FCA must fulfill the
10  requirements of Rule 9(b)."[4]  *See U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051
11  (9th Cir. 2001) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)).  Rule 9(b) of
12  the Federal Rules of Civil Procedure that "the circumstances constituting fraud or mistake . . . be
13  stated with particularity." Fed. R. Civ. P. 9(b).  "[W]hen averments of fraud are made, the
14  circumstances constituting the alleged fraud be specific enough to give defendants notice of the
15  particular misconduct so that they can defend against the charge and not just deny that they have
16  done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)
17  (internal quotations and citations omitted).  The allegations "must be accompanied by 'the who,
18  what, when, where, and how' of the misconduct charged." *Id*.  For a complaint to satisfy the
19  heightened pleading requirements of Rule 9(b), a "plaintiff must set forth *more* than the neutral facts
20  necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a
21  statement, and why it is false." *Id*. (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th
22  Cir. 1994)).

23       First, a FCA *qui tam* claim must allege facts to support the proposition that defendant made a
24  false "claim for payment or approval" to the federal government.  31 U.S.C. § 3729(a)(1); *Aflatooni,*
25  314 F.3d at 1000.  However, conclusory statements do not suffice as factual allegations "if those

---

[4] Defendant also imposes a materiality requirement on FCA claims.  Mot. at 3. However, because the court finds that plaintiff has not alleged facts sufficient to satisfy the elements of a FCA claim either under the *qui tam* or retaliation provisions, it does not reach defendant's contention that the complaint fails to allege materiality of the claims.

1  conclusions cannot reasonably be drawn from the facts alleged." *Cholla Ready Mix, Inc. v. Civish*,
2  382 F.3d 969, 973 (9th Cir. 2004).  Here, plaintiff's sole references to claims for payment are too
3  vague or conclusory to satisfy even Rule 8's liberal pleading requirements.  For example, plaintiff
4  alleges Northrop "made false claims for payment" and "bills for goods that it builds for Navy
5  submarines."  Compl. at 1, ¶ 8.  However, plaintiff does not allege facts that support the inference
6  that the bills to the Navy were false and were made with knowledge of falsity.  Therefore, even
7  accepting these allegations as true, they are insufficient to state the existence of a false claim.
8  Moreover, plaintiff has not pled this element with the particularity required by Rule 9(b), including
9  who made the purported false claims, when such claims were made, and why the claims are false.

10       A plaintiff must also allege that the claim was "false or fraudulent." 31 U.S.C. § 3729(a)(1);
11 *Aflatooni,* 314 F.3d at 1000.  Defendant argues that plaintiff is required to allege "actionable false
12 certifications upon which funding is conditioned."  Opp. at 5; *Hopper,* 91 F.3d at 1267.  However,
13 the Ninth Circuit in *Hopper* appeared to impose this requirement only on FCA claims based on a
14 theory of false certification.  *See Hopper* at 1266-67 (distinguishing FCA actions based on a theory
15 of supplying substandard products from those based on false certification).  A FCA action may be
16 based on a theory of supplying substandard products to the government.  A plaintiff alleging a FCA
17 claim based on fraudulent provision of goods need not allege false certification.  *U.S. ex rel. Lee v.*
18 *SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (holding that "[i]n an appropriate
19 case, knowingly billing for worthless services . . . may be actionable under § 3729, regardless of any
20 false certification conduct," and allowing plaintiff to amend his complaint which, "vague as it is,
21 may be construed to allege . . . a theory based on worthless services").

22       Nevertheless, plaintiff's complaint is unclear whether the basis of her FCA claim is false
23 certification or fraudulent provision of goods.  *See, e.g.*, Compl. at 1 (alleging that Northrop "made
24 and used false records and statements in support of their false claims for payment"); *see also* Compl.
25 ¶¶ 8, 11 (alleging Northrop "falsely bills for goods that it builds" and that the parts Northrop shipped
26 were "faulty"); Compl. ¶¶ 1-16 (alleging provision of defective system).  In any event, plaintiff's
27 allegations are too vague and conclusory to satisfy the false claim element on either basis.
28

ORDER GRANTING MOTION TO DISMISS COMPLAINT—C-06-03881 RMW
SC                                              5

1   Finally, a FCA claim must also allege facts showing that defendant made the false claim
2 "knowingly." 31 U.S.C. § 3729(a)(1). The FCA defines "knowingly" as having "actual knowledge
3 of the information," or acting in "deliberate ignorance" or "reckless disregard" of the truth of falsity
4 of the information. 31 U.S.C. § 3729(b). The Ninth Circuit requires "knowing presentation of a
5 false or fraudulent claim." *U.S. ex rel. Anderson v. Northern Telecom, Inc.*, 52 F.3d 810, 816 (9th
6 Cir. 1995). It is not enough to show that a product was "not as good as it should have been" because
7 "the *qui tam* action does not lie for the ordinary failings of engineers." *Id.* For FCA claims based on
8 a fraudulent provision of goods, the Ninth Circuit has found that "knowingly billing for worthless
9 services or recklessly doing so with deliberate ignorance may be actionable under § 3729, regardless
10 of any false certification conduct." *U.S. ex rel. Lee*, 245 F.3d at 105.

11   Here, plaintiff has not alleged that Northrop sent the Navy faulty parts knowing that they
12 were faulty when they sent them. Nor does plaintiff allege that Northrop billed for the parts
13 knowing that they were "faulty." Plaintiff's allegation that Lovlien announced that Northrop had
14 shipped a "faulty" part does not give rise to an inference that Northrop knew the allegedly faulty part
15 was faulty when it was billed for or shipped. *See* Compl. ¶ 11.

16   Because plaintiff has not alleged the requisite elements of a FCA *qui tam* action, the court
17 dismisses plaintiff's FCA claim.

18   **C.   Retaliation Claim**

19   The FCA provides relief to "[a]ny employee who is discharged . . . or in any other manner
20 discriminated against . . . by his or her employer because of lawful acts done by the employee . . . in
21 furtherance of an action under this section." 31 U.S.C. § 3730(h). The purpose of the retaliation
22 claim under the FCA is to protect "whistleblowers," namely those who come forward with evidence
23 their employer is defrauding the government, from retaliation by their employer. *See* 31 U.S.C. §
24 3730(h); S. Rep. No. 345, 99th Cong., 2d Sess. 34 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266,
25 5299. To state a viable FCA retaliation claim under 31 U.S.C. § 3730(h), the plaintiff must allege
26 that: (1) the employee was engaging in conduct protected under the Act; (2) the employer must have
27 known that the employee was engaging in such conduct; and (3) the employer discriminated against
28 the employee because of her protected conduct. *See Hopper,* 91 F.3d at 1269.

1   The FCA provides examples of actions that satisfy the first element of "conduct protected
2   under the Act," including "investigation for, initiation of, testimony for, or assistance in an [FCA]
3   action." 31 U.S.C. § 3730(h); *Hopper,* 91 F.3d at 1269.  Courts have defined "investigation" to
4   involve more than mere knowledge of alleged fraud. *See, e.g.,* 91 F.3d at 1264, 1269 (holding that
5   although plaintiff had complained to her superiors and reported her allegations to both state and
6   federal agencies, she was not engaging in "protected conduct" because she "was not trying to recover
7   money for the government . . . [s]he was not investigating fraud").  As Northrop argues, plaintiff
8   does not allege any investigatory activity on her part. Compl. ¶¶ 1-16. She only alleges that
9   defendant retaliated against her "[a]s a result of [her] having knowledge of the illegal actions."
10  Compl. ¶ 14.  Since plaintiff does not allege that she was "whistleblowing" or looking for evidence
11  of her employer's fraud, plaintiff's complaint cannot satisfy the first element of a FCA retaliation
12  claim.  Thus, plaintiff's FCA retaliation claim fails.

13  **D.     Leave to Amend**

14  Leave to amend is to be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a).
15  "A party may amend the party's pleading once as a matter of course at any time before a responsive
16  pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or
17  by written consent of the adverse party." Fed. R. Civ. P. 15(a).  A motion to dismiss is not a
18  "responsive pleading" within the meaning of Fed. R. Civ. P. 15(a).  *Breier v. N. Cal. Bowling*
19  *Proprietors' Ass'n*, 316 F.2d 787, 789-90 (9th Cir. 1963).  No responsive pleading has been served in
20  this action.

21  **III.  ORDER**

22  For the foregoing reasons, the court grants defendants' motion to dismiss plaintiff's
23  complaint.  Plaintiff's claims against defendant Lovlien are dismissed with prejudice and Lovlien is
24  dismissed from this action.  Plaintiff has forty-five days from the date of this order to amend her
25  other claims.  The court resets the case management conference to Friday, December 1, 2006 at
26  10:30 a.m.

27
28  DATED:     10/6/06                         *Ronald M. Whyte*
                                                RONALD M. WHYTE
                                                United States District Judge

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

William Fenton Sink
Law Offices of William Fenton Sink
Dillingham Transportation Building
735 Bishop Street, Ste. 420
Honolulu, HI 96813

Scarlett McMasters (plaintiff)
2379 Halekoa Drive
Honolulu, Hawai'i 96821

**Counsel for Defendants:**

Brad D. Brian          BrianBD@mto.com

Robert G. Klein
McCorriston Miller Mukai MacKinnon LLP
Five Waterfront Plaza, Ste. 400
500 Ala Moana Blvd.
Honolulu, HI 96813

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Dated:     10/10/06                              SPT
                                         Chambers of Judge Whyte