**E-FILED on**   11/20/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel SCARLETT MCMASTERS, <br><br> Plaintiff, <br><br> v. <br><br> NORTHROP GRUMMAN SHIP SYSTEMS, INC., PHIL LOVLIEN, <br><br> Defendants. | No. C-06-03881  RMW <br><br> ORDER REGARDING UNITED STATES' POSITION ON DISMISSAL <br><br> **[Re: Docket No. 16]** |

    Plaintiff filed this *qui tam* action on behalf of the United States.  The United States filed an election not to intervene in the action.  On October 6, 2006 the court granted defendants' motion to dismiss with leave to amend.  Because the parties had stipulated that defendant Phil Lovlien's alleged acts were performed in the course of his employment and plaintiff agreed to dismiss Lovlien from the action, the court dismissed plaintiff's claims against Lovlien with prejudice, and dismissed Lovlien from the action.

    On November 6, 2006 the United States filed a request that any dismissal by this court in the above-captioned action be without prejudice to the United States.[1]  In particular, the government notes that it has a continuing interest in the parts that defendant Northrop provides.  A *qui tam* action

---

[1] As of the date of this order, no response has been filed by defendants.

ORDER REGARDING UNITED STATES' POSITION ON DISMISSAL—C-06-03881 RMW
SPT

1 "may be dismissed only if the court and the Attorney General give written consent to the dismissal
2 and their reasons for consenting." *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d
3 1391, 1397 (9th Cir. 1992) (quoting 31 U.S.C. § 3730(b)(1)). In *United States ex rel. McGough*, the
4 Ninth Circuit held that the district court's dismissal with prejudice of certain claims pursuant to
5 plaintiff's consent to voluntarily dismiss those claims was error because the government had not
6 consented to such dismissal. *Id.* The United States had earlier elected not to take over plaintiff's *qui*
7 *tam* action. The court nevertheless found that it was proper to permit the United States to intervene
8 for the purpose of appealing the district court's dismissal of claims with prejudice. *Id.* On appeal,
9 the United States requested that the dismissal of the claims be without prejudice. The Ninth Circuit
10 remanded with instructions to dismiss the claims without prejudice. *Id.*

11 Here, there has similarly not been any written consent to dismiss the action or any parties by
12 the Attorney General. Under § 3730(b)(1), the government's election not to intervene in a *qui tam*
13 action does not equate to an agreement to dismiss a defendant with prejudice. *See id.* The
14 government requests that the dismissal of claims against Lovlien and the dismissal of Lovlien from
15 the action be without prejudice to the United States. The United States' request is hereby granted.
16 The court clarifies that the dismissal of plaintiff's claims against defendant Lovlien and dismissal of
17 Lovlien from the present action is without prejudice to the United States.

19 DATED:     11/17/06                              *Ronald M Whyte*
20                                                  RONALD M. WHYTE
                                                    United States District Judge

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

Scarlett McMasters (pro se)
2379 Halekoa Drive
Honolulu, Hawai'i 96821

William Fenton Sink
Law Offices of William Fenton Sink
Dillingham Transportation Building
735 Bishop Street, Ste. 420
Honolulu, HI 96813

**Counsel for the United States:**

Sara Winslow            sara.winslow@usdoj.gov

**Counsel for Defendants:**

Brad D. Brian           BrianBD@mto.com

Robert G. Klein
McCorriston Miller Mukai MacKinnon LLP
Five Waterfront Plaza, Ste. 400
500 Ala Moana Blvd.
Honolulu, HI 96813

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Dated:   11/20/06                              SPT
                                        Chambers of Judge Whyte