BRAD D. BRIAN (SBN 159639)
RICHARD ST. JOHN (SBN 202560)
JOSEPH S. KLAPACH (SBN 206345)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendant
NORTHROP GRUMMAN SYSTEMS CORP. (Erroneously sued as "NORTHROP GRUMMAN SHIP SYSTEMS, INC.")

E-FILED ***12/8/06***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. SCARLETT MCMASTERS,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHROP GRUMMAN SHIP SYSTEMS, INC., PHIL LOVLIEN,<br><br>Defendants. | CASE NO. 06-CV-03881-RMW<br><br>[~~PROPOSED~~] ORDER TO SHOW CAUSE RE: DISMISSAL WITH PREJUDICE<br><br>Hearing Date: January 26, 2007<br>Time: 9:00 a.m.<br>Judge: Honorable Ronald M. Whyte<br><br>(No Trial Date Set) |

1229096.2

ORDER TO SHOW CAUSE RE: DISMISSAL WITH PREJUDICE

This is an order for Plaintiff Scarlett McMasters to show cause why this action should not be dismissed with prejudice for failure to comply with the Court's orders and for failure to prosecute.

I. **PROCEDURAL BACKGROUND**

On July 12, 2005, Plaintiff Scarlett McMasters filed the instant *qui tam* action under seal in the United States District Court for the District of Hawaii. On December 5, 2005, the United States filed an election not to intervene in Plaintiff's *qui tam* action. Thereafter, the District Court in Hawaii entered an order unsealing the complaint, and Plaintiff served the complaint on Defendants on February 17, 2006.

On March 7, 2006, Defendants filed (i) a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b); and (ii) a motion to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404.

On June 5, 2006, the District Court in Hawaii heard argument on the motion to transfer and the motion to dismiss. By order dated June 8, 2006, the District Court in Hawaii granted Defendants' motion to transfer and directed the clerk to transfer the entire case, including the pending motion to dismiss, to the United States District Court for the Northern District of California.

On July 28, 2006, Defendants noticed their fully-briefed motion to dismiss for hearing before this Court on September 22, 2006. The same day, Plaintiff's counsel, Mr. Sink, filed a motion to withdraw as counsel, citing in part numerous unsuccessful attempts to obtain information from Plaintiff necessary to prosecute the case.

On September 5, 2006, the Court entered an order granting Mr. Sink's motion to withdraw, with the exception that Mr. Sink was required to serve as counsel at the September 22, 2006 hearing on the motion to dismiss. The Court warned Plaintiff in the order that "a *pro se* litigant may not proceed as the relator in a *qui tam* action," and that "[i]f you do not retain an attorney to represent you in this lawsuit, you may lose the lawsuit and judgment may be entered against you." A copy of the order was served by the Court directly on Plaintiff at her last known address.

1   On October 10, 2006, this Court entered an order dismissing the Plaintiff's complaint without prejudice for failure to state a claim and to plead with the requisite specificity. Plaintiff was given forty-five (45) days to file an amended complaint. A copy of this order was also served by the Court directly on Plaintiff at her last known address. At the hearing on the motion to dismiss, it was agreed that the last condition of Mr. Sink's withdrawal was to file an amended complaint.

In a letter dated November 20, 2006, Mr. Sink notified Defendant Northrop's counsel that he had "sent Ms. McMasters a letter asking she provide our office with the evidence to support her claim," but that "she has not done so and we are unable to amend her complaint." Mr. Sink indicated that he planned to "file a motion to permit [him] to withdraw as Ms. McMasters' counsel without amending the complaint."

On December 1, 2006, the Court held a duly-noticed Case Management Conference in this matter. Neither Plaintiff nor Mr. Sink nor other counsel for Plaintiff made an appearance. As of the date of this order, Plaintiff has not filed an amended complaint, as required by the Court's order.[1]

## II. ORDER TO SHOW CAUSE

Having considered the circumstances described above, the Court hereby orders Plaintiff Scarlett McMasters to SHOW CAUSE why her complaint should not be dismissed with prejudice for failure to prosecute and failure to comply with the Court's orders.

IT IS THEREFORE ORDERED that Plaintiff appear before this Court, either in person or telephonically (as permitted by the Court rules), in Courtroom 6, located at 280 S. First St., #2112, San Jose, CA 95113-3008, at the hour of 9:00 a.m. on the 26th day of January, 2007, to show cause why the complaint in the above-entitled action should not be dismissed with prejudice.

---

[1] On December 1, Mr. Sink served Defendant's counsel with an unfiled Motion to Withdraw as Counsel for Plaintiff United States of America, Ex Rel Scarlett McMasters Without Filing an Amended Complaint as Set Out in This Court's Order Conditionally Granting Motion to Withdraw as Counsel Filed on September 5, 2006. This Motion had not yet been filed as of the date this order was lodged.

NOTICE TO PLAINTIFF SCARLETT MCMASTERS:

You are hereby notified that if you or counsel appearing on your behalf does not appear before this Court on the date and time described above and offer an acceptable explanation for your failure to comply with the Court's orders and your failure to prosecute this lawsuit, you will lose the lawsuit, a judgment will be entered against you, and you will be barred from bringing or maintaining another action involving the same claims or causes of action.

Dated: December 8th, 2006

/s/ Ronald M. Whyte
Honorable Ronald M. Whyte

Proposed by:

MUNGER, TOLLES & OLSON LLP


By   /s/
     Brad D. Brian

Attorneys for Defendant
NORTHROP GRUMMAN SYSTEMS CORP.
(Erroneously sued as "NORTHROP GRUMMAN
SHIP SYSTEMS, INC.")